EDWIN ROLAND ANDERSON AND JULIETTE ANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 29502-88
United States Tax Court
T.C. Memo 1989-381; 1989 Tax Ct. Memo LEXIS 380; 57 T.C.M. (CCH) 1101; T.C.M. (RIA) 89381; July 26, 1989
*380 Petitioners contend that they are not subject to United States income tax on rental income from property located in Liberia because petitioner-husband is a nonresident alien. Additionally, petitioners claim deductions for employee business expenses, Schedule C expenses, rental expenses and Schedule F expenses. Held: Petitioner-husband meets the "substantial presence test" for resident alien individuals and does not qualify for the exception for "foreign government-related individuals" under section 7701(b)(5). Held, further: With the exception of depreciation from rental property, petitioners have failed to substantiate the claimed deductions in excess of those allowed by respondent. Held, further: Petitioners are liable for additions to tax for negligence. Edwin R. Anderson and Juliette Anderson, pro sese. Carmino J. Santaniello, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] Respondent determined a deficiency in and additions to petitioners' 1985 Federal income tax as follows: Additions to Tax
Deficiency
Sec.6651(a)(1)
Sec.6653(a)(1)
Sec.6653(a)(2)
Sec.6661
$ 7,101.65
$ 966.10
$ 355.08 *
$ 1,775.41
*384 After concessions, the issues for decision are: (1) whether petitioners are subject to United States tax on rental income derived from sources outside the United States and, if such income is taxable, whether petitioners have substantiated their rental expenses; (2) whether petitioners substantiated their claimed farming losses; (3) whether petitioners are entitled to deductions for employee business expenses and Schedule C expenses in excess of amounts allowed by respondent; and (4) whether petitioners are liable for additions to tax under section 6653(a)(1) and (a)(2). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and stipulation of settled issues and attached exhibits are incorporated herein by this reference. Petitioners Edwin Anderson and Juliette Anderson resided in New Britain, Connecticut, when they filed their petition in this case. Edwin Anderson (hereinafter *385 sometimes referred to as petitioner) is a citizen of Liberia and the former Deputy Director of the Budget of that country. Juliette Anderson is an American citizen. Petitioner entered the United States under a diplomatic passport on September 25, 1979. He came to the United States to negotiate several contracts on behalf of the government of Liberia. He also was in the United States to attend an educational program conducted at the University of Connecticut, and he completed the program in April, 1980. Shortly thereafter, during the same month, the government of Liberia was overthrown by revolution. Petitioner concluded that he would be executed or imprisoned if he returned to Liberia. He sought political asylum, but according to petitioner, his request has not yet been ruled upon. Petitioner has remained in this country under his original non-immigrant visa and diplomatic passport, but he is not accredited as a diplomat and has no connection with the present government of Liberia. Petitioner owned a home in Liberia. After the revolution in 1980, this property was occupied by a number of families, including relatives of petitioner. Petitioners filed a joint Federal income *386 tax return for 1985 in which they reported $ 3,600 in rental income from the Liberian property. They claimed a deduction for depreciation in the amount of $ 500 and a deduction for a money transfer fee in the amount of $ 175.50. Petitioners reported that the house was acquired or constructed in 1972 for $ 85,000. Sometime prior to 1985, petitioner acquired a 10 acre parcel of land located in Coventry, Connecticut, approximately 37 miles from petitioners' residence. Having read about the potential profitability of strawberry farming, petitioner planted between one and two acres of strawberries on the Coventry parcel. Petitioners reported $ 270.30 of income from the sale of strawberries and expenses of $ 4,027.86 on Schedule F of their 1985 return. During 1985, petitioner was employed part-time by Samulis Construction Company. Petitioner states that he was employed as a laborer but on various documents he described himself as a construction supervisor. Petitioners reported employee business expenses of $ 2,139.90 based upon petitioner's alleged use of his automobile. OPINION Respondent determined that petitioners failed to substantiate their expenses and disallowed the *387 deductions claimed for rental expenses and employee business expenses and for losses from strawberry farming. The first issue for decision here is whether petitioners are subject to United States taxation on their rental income from property located in Liberia. If such income is includable in petitioners' gross income, the further question is whether petitioners are entitled to deductions in the amounts claimed for depreciation and other expenses associated with the Liberian rental property. Contending that petitioner is a nonresident alien, petitioners urge that they are not taxable on his income from sources without the United States. In general, all citizens of the United States, wherever resident, and all resident alien individuals are liable for income taxes imposed by the Code whether the income is received from sources within or without the United States. Sec. 1.1-1(b), Income Tax Regs.
Petitioner acknowledges that as of the date of the trial of this case he has been present physically in the United States without interruption since 1979. He meets the *388 "substantial presence test" of the Code and falls within the definition of a resident alien individual. Sec. 7701(b)(1)(A)(ii); sec. 7701(b)(3)(A). [2] Moreover petitioner does not qualify for the exception for a "foreign government-related individual" under section 7701(b)(3)(D)(i) and section 7701(b)(5)(A)(i). Section 7701(b)(5)(B) states: The term "foreign government-related individual" means any individual temporarily present in the United States by reason of -- (i) diplomatic status, or a visa which the Secretary (after consultation with the Secretary of State) determines represents full-time diplomatic or consular status for purposes of this subsection. *389 (ii) being a full-time employee of an international organization, or (iii) being a member of the immediate family of an individual described in clause (i) or (ii). Petitioner has not been an official of the Liberian government since 1980. While he holds a diplomatic passport, as a factual matter he is not temporarily present in this country by reason of diplomatic status. He is not an employee of an international organization or a member of the family of such an employee or a diplomat. Petitioner does not otherwise qualify as an exempt individual under section 7701(b)(5)(A) since he was not a teacher or trainee, or a student. We note that petitioners did not claim nonresident alien status for petitioner on their 1985 tax return. Petitioner filed a joint income tax return for 1985 with his wife, Juliette Anderson, an American citizen. They reported the rental income on their 1985 return and paid the tax. Section 6013(a)(1) provides that no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien. Petitioner did not make *390 an election under section 6013(g) or section 6013(h) to file a joint return as a nonresident alien (and thereby be taxed as a resident alien). Sec. 1.6013-6(a)(4) and sec. 1.6013-7(a)(3), Income Tax Regs.
Throughout 1985 and at the time petitioners filed their 1985 return, petitioner was a resident alien and he knew it. The rental income from petitioner's Liberian property is includable in petitioners' gross income for 1985. At trial petitioner claimed that he never received any rents from the property. On their tax return petitioners reported that they received $ 3,600 in rental income during 1985. Despite his denial at trial that he actually received rental income in the United States, petitioner's testimony as a whole is consistent with the conclusion that, directly or indirectly, he received at least $ 3,600 income from the Liberian property in 1985. Petitioners presented no persuasive evidence at trial to disprove their statement on their tax return. The amount of rental income from the Liberian property reported on petitioners' income tax return for 1985 is includable in their gross income for that year. Petitioners claimed a $ 500 depreciation *391 deduction and a $ 175 deduction for a money transfer fee with respect to the Liberian property on Schedule E of their 1985 return. Respondent disallowed the depreciation and money transfer fee deductions for lack of substantiation. Petitioners bear the burden of proof on this issue. Rule 142(a). Petitioners admit that the claimed deduction for the money transfer fee did not relate to the rental property but represented funds sent from Liberia for the purchase of American goods and their shipment to Liberia. On the other hand, since we accept petitioner's statement that he had rental income from residential property in Liberia, there is reason for us to give credence to his related statements as to the basis and depreciation of the rental property. We accept the testimony offered by petitioners as to the cost and date of construction of the rental property and conclude that such evidence adequately supports petitioners' claimed depreciation deduction in the amount of $ 500. We find for petitioners on their claimed depreciation deduction but sustain respondent's determination disallowing *392 the claimed money transfer expense. The second issue for decision is whether petitioners are entitled to deduct losses from petitioner's strawberry farming in the amount of $ 3,757.56. Respondent determined that petitioners failed to substantiate the losses claimed in excess of their income from strawberry farming. Again, respondent's determination is presumptively correct. Rule 142(a). Petitioners ask that we apply the doctrine of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Under Cohan, the Court might allow a deduction by approximating expenses if the exact amount is not proven, but there is a reasonable certainty that an expense has been incurred. Petitioners kept no books, records or receipts to substantiate the various expense items. Petitioner's testimony does not establish whether he planted one acre or two acres of strawberries and he failed to show how much of the crop was for home consumption. The record is devoid of evidence from which we might calculate *393 or approximate the amount of petitioners' expenses. Under these circumstances, in making any estimate of petitioner's expenses, we must bear heavily upon petitioner "whose inexactitude is of his own making." Cohan v. Commissioner, supra at 544. Accordingly, we sustain respondent's determination limiting the amount of petitioners' deductions for strawberry production to their income from this activity. The third issue for decision is whether petitioners are entitled to a deduction for petitioner's automobile expenses. Section 162 allows employees who use an automobile for business to deduct related expenses. Petitioners contend that automobile expenses were incurred during petitioner's employment with Samulis Construction Company. Petitioner did not keep a mileage log or receipts and he used his automobile for nonbusiness purposes. Petitioners offered no evidence as to the location of the various job sites or the frequency of travel. We are unable to estimate petitioner's use of his automobile for business purposes and must decline the invitation to guess. As *394 to petitioners' claims for Schedule C deductions, the parties have stipulated the amount of Juliette Anderson's Schedule C deductions and have stipulated that petitioner had none. In his testimony, petitioner suggested that some of his automobile expenses properly might have been claimed on Schedule C. We reject the suggestion, first, because we hold petitioners to their stipulation and, second, because petitioners have failed to show the amount of any such expenses or to show that petitioner was engaged in a trade or business or expended sums deductible under section 212. Respondent's determination is sustained with respect to the third issue. The last issue for decision is whether petitioners are liable for additions to tax under section 6653(a)(1) and (a)(2). Section 6653(a)(1) provides that where any part of an underpayment of income tax is due to negligence or intentional disregard of rules and regulations, an amount equal to five percent of the underpayment shall be added to the tax. Section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the *395 interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Petitioners bear the burden of proving that the additions to tax do not apply. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). Petitioners did not maintain adequate records to substantiate the amounts claimed on their return. They have presented no evidence showing good cause for the lack of such records. Nor did petitioners present evidence or argument which would refute the application of these additions to the issues which have been conceded by petitioners. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of the interest due on $ 7,101.65↩
2. Section 7701(b)(1)(A) defines a resident alien as follows: (A) RESIDENT ALIEN. -- An alien individual shall be treated as a resident of the United States with respect to any calendar year if (and only if) such individual meets the requirements of clause (i), (ii), or (iii): * * * (ii) SUBSTANTIAL PRESENCE TEST. -- Such individual meets the substantial presence test of paragraph (3). * * * Section 7701(b)(3) provides: (A) IN GENERAL. -- Except as otherwise provided in this paragraph, an individual meets the substantial presence test of this paragraph with respect to any calendar year (hereinafter in this subsection referred to as the "current year") if -- (i) such individual was present in the United States on at least 31 days during the calendar year, and (ii) the sum of the number of days on which such individual was present in the United States during the current year and the 2 preceding calendar years (when multiplied by the applicable multiplier determined under the following table) equals or exceeds 183 days: ↩
In the case of days in:
The applicable multiplier is:
Current year
1   1st preceding year
1/3
2nd preceding year
1/6